{¶ 26} I dissent from the majority's decision on the second and third assignments of error. I concur in the result in Assignment of Error I.
 {¶ 27} Regarding the second assignment of error, Cosper testified he entered the intersection and began his turn as soon as his light changed to a green arrow, and another witness testified he may have had a yellow arrow. A third witness testified the light for appellees changed to green while Cosper was in the intersection. The collision was nearly head-on, which means Cosper would have entered the intersection only seconds before the collision occurred. All these alleged facts are mutually exclusive, and none give a coherent explanation of how the accident occurred. I would find this is insufficient as a matter of law to place the issue of negligence in dispute.
 {¶ 28} The test is not whether there is a simple dispute of fact, but rather whether reasonable minds can reach different conclusions on the evidence. In some circumstances, reasonable minds may draw differing inferences from undisputed evidence. Similarly, even when some facts are disputed, reasonable minds might nevertheless be able to reach only one conclusion. The latter is the case here. I would find the evidence presented is insufficient to permit reasonable minds to conclude the appellees' negligence cause the accident. I find the court correctly directed a verdict on this issue.
 {¶ 29} Regarding the third assignment of error, a court should give requested jury instructions if they correctly state the law applicable to the particular facts of the case, and if reasonable minds could reach the conclusion purposed by the instruction. Murphy v. Carrollton Manufacturing Company (1991),61 Ohio St. 3d 585.
 {¶ 30} I find under the particular facts of this case, a jury instruction on comparative negligence was not warranted. The record does not contain evidence appellees were negligent.
 {¶ 31} I would overrule the second and third assignments of error and affirm the trial court's decision.